Filed 5/10/21  P. v. Taylor CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E076253 |
| v. | (Super.Ct.No. FSB1205378) |
| SHARIFF TAYLOR | ORDER MODIFYING OPINION; AND DENIAL OF PETITION |
| Defendant and Appellant. | FOR REHEARING |
| | [NO CHANGE IN JUDGMENT] |

On the court's own motion, the opinion filed in this matter on May 6, 2021, is modified as follows:  The disposition on page No. 7, is changed from "The appeal is affirmed" to "The judgment is affirmed."  Except for this modification, the opinion remains unchanged.  The modification does not effect a change in the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
                                                J.

I concur:

RAMIREZ _____
                        P. J.

1

Filed 5/6/21  P. v. Taylor CA4/2 (unmodified opinion)
*See dissenting opinion.*

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E076253 |
| v. | (Super.Ct.No. FSB1205378) |
| SHARIFF TAYLOR, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  R. Glenn Yabuno, Judge.  Affirmed.

C. Matthew Missakian, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

**FACTUAL AND PROCEDURAL HISTORY**

A.    PROCEDURAL HISTORY

On March 1, 2013, an information charged defendant and appellant Shariff Taylor with murder under Penal Code section 187, subdivision (a) (count 1) and forcible rape under Penal Code section 261, subdivision (a)(2). The complaint also alleged that the crimes were serious and violent felonies. Moreover, the complaint alleged that defendant had suffered prior convictions. On June 27, 2013, a jury convicted defendant of first degree murder and forcible rape. After defendant waived his right to a jury trial on his priors, the trial court found certain alleged priors to be true. On July 26, 2013, the trial court sentenced defendant to 50 years to life plus a consecutive 21 years. On November 25, 2014, we affirmed the judgment in an unpublished opinion. (*People v. Taylor* (Nov. 25, 2014, E059345) [nonpub. opn.).)

On May 29, 2020, defendant filed a petition for resentencing under Penal Code section 1170.95. At the hearing on December 4, 2020, the trial court denied the petition.

On December 9, 2020, defendant filed a timely notice of appeal.

B.    FACTUAL HISTORY

1.    *THE UNDERLYING CASE*[1]

"The victim . . . rented a room in a home owned by Susan Meader. Defendant and his girlfriend Stacy Bruemmer also rented a room in the residence. The victim had multiple sclerosis and used a cane to walk.

---

[1] The facts are taken from our unpublished opinion.

2

"Both the victim and a third tenant, Meader's son, complained to Meader about defendant and his girlfriend. The son complained about missing shoes and that defendant kept taking the communal television from the living room to the room shared by him and Stacy Bruemmer. The victim told Meader that toiletries and medications had been stolen from the bathroom she shared with defendant and Stacey Bruemmer. As a result, Meader decided to evict the pair and served defendant with a notice to quit. Meader told defendant that she was 'getting too many complaints.'

"Meader had planned to return to the residence in three days to take the victim shopping. However, when she did so, the victim did not answer her knocks. Defendant and his girlfriend came out and told Meader that the victim had gone to visit a friend. About two weeks later, Meader returned because she was concerned about the victim. This time she opened the locked door to the victim's room and saw her purse. The victim never left home without her purse.

"The morning after the eviction notice was served, a homeless woman heard a car pull up to a nearby dumpster, where it remained for several minutes. Shortly thereafter the woman went to put trash in the dumpster and discovered the victim's body. The victim had been strangled and smothered to death; there were contusions and abrasions on her face and her upper front teeth had been knocked out. The results of a 'sex kit' administration were consistent with sexual assault.

"The most damning evidence came from Stacy Bruemmer in the form of statements she made to a detective investigating the death. (At trial, she recanted and testified that she had lied.) The gist of her evidence was that she had been alone in the

3

room she shared with defendant when she heard a scream. In the hall she found defendant and the victim, both with their pants down, and defendant was having sex with the victim. The victim asked defendant why he was doing this to her, and defendant replied 'Because you have a nice ass.'

"Defendant told Ms. Bruemmer to go back into their room, which she did. After about 15 minutes she emerged, and saw defendant and the victim in the latter's bedroom. The victim was facedown on the bed with her legs dangling over the edge, while defendant was on top of her with an arm around her neck, apparently choking her.

"The video of the interview was played for the jury. The transcript reflects that Ms. Bruemmer told the detective that during the rape, the victim appeared to look at her imploringly, but Ms. Bruemmer told her 'I'm sorry I can't help you or I'll get it next.' She also told the detective that the victim asked defendant 'please stop.' At defendant's directive she later accompanied him as he pushed a trash can, into which he had shoved the victim's body, to the dumpster where it was found. When she asked him why he had killed the victim, defendant told her that he had to kill her so she would not report the rape, but also commented that he did not like 'snitches.' Susan Meader's son also testified that on the day defendant was served with the eviction notice, he heard defendant apparently talking to himself about hating 'snitches.' " (*People v. Taylor* (2010) Cal.App.Unpub. LEXIS 8118, *3-6, 2010 WL 3994183.)

## 2. *PENAL CODE SECTION 1170.95 MOTION*

On May 29, 2020, defendant filed his motion for resentencing under Penal Code section 1170.95. In the petition, defendant alleged that he was not the actual killer and

4

could not be convicted of first or second degree murder after the changes in Penal Code sections 188 and 189 that became effective on January 1, 2019. The People filed a response urging the court to deny the petition because defendant was the actual killer. The People asked the court to take judicial notice of our the opinion and record in defendant's appeal of the underlying case, case No. E059345; the People attached our unpublished opinion as an exhibit.

Defendant filed an informal reply and requested the court (1) to issue an order to show cause; and (2) to take judicial notice of all the records relating to both the appellate case and the underlying trial. Defendant attached our unpublished opinion and defendant's opening brief on appeal. In the reply, defendant argued that the evidence of defendant being the actual killer was unreliable.

At the hearing on December 4, 2020, the trial court denied defendant's petition for resentencing. The court stated: "After review of the pleadings, in addition to the fact that this Court was the trial Court in this particular matter, the Court denies the request for relief, finds that [defendant] is ineligible. He was, in fact, the actual killer in this matter, and therefore is not entitled to relief under the Code."

## DISCUSSION

After defendant appealed, and upon his request, this court appointed counsel to represent him. Appointed appellate counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and has requested this court to undertake a review of the entire record. Pursuant

to *Anders*, counsel identified the following issues to assist the court in its search of the record for error:

(1)     "Do the procedural protections of *Anders* and *Wende* apply to an appeal from a trial court's order denying a defendant's petition under [Penal Code] section 1170.95?"

(2)     "Even if the protections of *Anders*/*Wende* do not apply, should the court conduct an independent review of the record in the interests of justice?"

(3)     "Where appellant never personally waived a right to be present, was he denied such a right?"

(4)     "Whether informal briefing satisfies the procedural requirements of [Penal Code] section 1170.95?"

(5)     "Whether the denial of the petition was prejudicial error?"

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

We recognize that one panel of this court recently held that in uncontested appeals from postjudgment orders, there is no reason to conduct a *Wende* review of the record, and such appeals should be dismissed by order.  (*People v. Scott* (2020) 58 Cal.App.5th 1127, 1131-1132 (but see dis. opn. of Miller, J.); accord *People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, review granted Oct. 14, 2020, S264278 ["*Wende*'s constitutional underpinnings do not apply to appeals from the denial of postconviction relief"].)  We respectfully disagree.

We agree with another panel of this court, which recently held that in uncontested appeals from the denial of a Penal Code section 1170.95 petition, "we can and should independently review the record on appeal in the interests of justice." (*People v. Gallo* (2020) 57 Cal.App.5th 594 (but see dis. opn. of Menetrez, J.); accord *People v. Flores* (2020) 54 Cal.App.5th 266, 269 ["[W]hen an appointed counsel files a *Wende* brief in an appeal from a summary denial of a section 1170.95 petition, a Court of Appeal is not required to independently review the entire record, but the court can and should do so in the interests of justice"]; see *People v. Allison* (2020) 55 Cal.App.5th 449, 456, 269 Cal.Rptr.3d 570 ["[W]e have the discretion to review the record in the interests of justice"].) This procedure provides defendants an added layer of due process while consuming comparatively little in judicial resources.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error. We are satisfied that defendant's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Id.* at p. 126; *People v. Wende*, *supra*, 25 Cal.3d at pp. 41-442.)

**DISPOSITION**

The appeal is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____

J.

I concur:

RAMIREZ _____

P. J.

7

[*People v. Taylor*, E076253]

Slough, J., Dissenting.

I dissent because I would dismiss this appeal by order as abandoned. (*People v. Scott* (2020) 58 Cal.App.5th 1127, 1128-1129, review granted Mar. 17, 2021, S266853.) I believe we waste judicial resources when we exercise our discretion to review the record and draft an opinion in cases like this—where neither counsel nor appellant can identify any arguable error and appellant's ineligibility for relief is patently obvious from the record of conviction.

SLOUGH

1